**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4808

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVONTA DOYLE, a/k/a Vontay,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:18-cr-00177-RAJ-LRL-1)

Submitted:  July 21, 2022                                    Decided:  July 25, 2022

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

Vacated and remanded in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Cary S. Greenberg, GREENBERG COSTLE, PC, Tysons Corner, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, Alexandria Virginia, Kristin G. Bird, Special Assistant United States Attorney, Andrew Bosse, Assistant United States Attorney, John F. Butler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devonta Doyle appeals his convictions and the 212-month sentence imposed for conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery and attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a); brandishing a firearm during a Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii); and discharging and brandishing a firearm during an attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) ("Count 7"). Doyle asserts that his § 924(c) conviction for the conduct charged in Count 7 must be vacated under *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). Doyle also argues that his convictions for the Hobbs Act robbery offenses must be vacated because the Hobbs Act (1) cannot be interpreted to create a federal crime over the local robbery of a retail grocery store; and (2) is unconstitutional as applied to such a robbery. We vacate the criminal judgment in part, and affirm in part.

We agree with Doyle that his conviction on Count 7 is no longer valid. Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying "crime of violence" and the additional crime of utilizing a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

2

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Courts typically refer to § 924(c)(3)(A) as the 'force clause' and § 924(c)(3)(B) as the 'residual clause.'"  *United States v. Taylor*, 979 F.3d 203, 206 (4th Cir. 2020).   In view of the Supreme Court's invalidation of the residual clause as unconstitutionally vague, *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), Doyle's § 924(c) conviction may stand only if attempted Hobbs Act robbery constitutes a "crime of violence" under the force clause.

As we concluded in *Taylor*, attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause.  979 F.3d at 208-09 (holding that attempted Hobbs Act robbery is no longer a "crime of violence" under § 924(c) because the defendant may commit a substantial step by such nonviolent means as "passing a threatening note to a store cashier" or "cas[ing] the store he intends to rob").  The Supreme Court recently confirmed this holding.  *United States v. Taylor*, __ U.S. __, 142 S. Ct. 2015 (2022).  We therefore vacate Doyle's conviction on Count 7.

We nonetheless reject Doyle's challenges to the validity and as-applied constitutionality of the Hobbs Act.  This court has expressly rejected nearly identical contentions, albeit in an unpublished opinion after argument, and we do so again here.  *See United States v. Singleton*, 178 F. App'x 259, 261-64 (4th Cir. 2006) (No. 04-4677) (cited favorably in *United States v. Tillery*, 702 F.3d 170, 173-75 (4th Cir. 2012)).  Moreover, the concessions Doyle made when he entered his guilty plea are sufficient to establish that

3

Doyle's conduct had at least a "minimal effect on interstate commerce," which is all that we require. *United States v. Williams*, 342 F.3d 350, 354-55 (4th Cir. 2003).

Accordingly, we vacate Doyle's conviction on Count 7 and remand the matter for resentencing. *See Taylor*, 979 F.3d at 210; *see also United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (holding that, under the sentencing package doctrine, "if some counts [of a multicount criminal judgment] are vacated, the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan" (internal quotation marks omitted)). We affirm the remainder of the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART,*
*AFFIRMED IN PART*